UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:14-cv-9836-SVW-AJW | Date | February 25, 2015 |
|---|---|---|---|
| Title | Mark Hestrin v. Citimortgage, Inc., et al | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER RE: MOTIONS TO REMAND, DISMISS, AND STRIKE [5] [7] [8]

Mark Hestrin sued CitiMortgage for alleged violations of the California Homeowner's Bill of Rights. CitiMortgage removed the case from state court, asserting diversity jurisdiction. Hestrin moved to remand while CitiMortgage moved to strike and dismiss.[1]

**Background**

According to the complaint, Hestrin took out a $1.2 million mortgage on his home. In July 2014, he submitted a loan modification application to his loan servicer, CitiMortgage. CitiMortgage then assigned him a "point of contact," Monica Lopez, who advised him that the modification review would not stop the pending foreclosure.

About a week later, CitiMortgage notified Hestrin it received his "documents" but needed additional "documents." (The complaint does not identify what documents CitiMortgage referred to.) CitiMortgage gave Hestrin a month to supplement his file. A day before that deadline, however, CitiMortgage recorded a Notice of Default against Hestrin's home. Hestrin also says he "contacted CitiMortgage several times and was given many unjustified delays and inconsistent and vague status

---

[1] Upon review of the parties' briefs, the Court concludes that the motions are suitable for determination without oral argument. Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing scheduled for Monday, March 2, 2015, is vacated.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-9836-SVW-AJW | Date | February 25, 2015 |
|---|---|---|---|
| Title | Mark Hestrin v. Citimortgage, Inc., et al | | |

updates on [his] file."

Hestrin filed suit in state court. He alleged that CitiMortgage violated multiple provisions of California's Homeowner's Bill of Rights. He sought compensatory damages, statutory damages, costs, fees, punitive damages, and an injunction preventing CitiMortgage "from taking any action to sell, encumber, transfer or alienate the Property." CitiMortgage removed the case.

**Discussion**

**I.    Subject Matter Jurisdiction**

A defendant may remove an action on the basis of diversity of citizenship if there is complete diversity among the parties, no defendant is a citizen of the forum state, and the amount in controversy exceeds $75,000. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005); *see also* 28 U.S.C. §§ 1332, 1441, 1446. The presumption against removal requires the defendant to bear the burden. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Where, as here, the complaint contains a request for equitable relief, the defendant must prove the facts supporting jurisdiction by a preponderance of the evidence. 28 U.S.C. §§ 1446(c)(2)(A)(i), (c)(2)(B).

The parties agree that they are diverse — Hestrin is a California citizen and CitiMortgage is a citizen of New York and Missouri — but they contest the amount in controversy. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) (citations omitted); *accord Chapman v. Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (per curiam). Here, Hestrin seeks to enjoin Citimortgage from "taking any action to sell, encumber, transfer or alienate the Property." In doing so, he put the value of his property at issue. *Diamos v. Specialized Loan Servicing LLC*, No. 13-cv-04997 NC, 2014 WL 3362259, at *2 (N.D. Cal. July 8, 2014) ("Diamos brings two actions for injunctive relief under Cal. Civ. Code § 2924.12 to enjoin material violations of § 2923.6 (dual-tracking) and § 2923.7 (single point of contact). To measure the amount in controversy for these injunctive claims, the Court looks to the value of the property Diamos seeks to protect."); *see also Garfinkle v. Wells Fargo Bank*, 480 F.2d 1074, 1076 (9th Cir. 1973) (finding that plaintiff put the real property's value in controversy by seeking to enjoin a foreclosure sale). Because Hestrin's mortgage places over a million dollars in controversy, Section 1332's requirements are met. *See Major v. Wells Fargo Bank, N.A.*, No. 14-CV-998-LAB-RBB, 2014 WL 4103936, at *1 (S.D. Cal. Aug. 18, 2014) ("[T]he amount in controversy may be established by the value of the property *or* by the value of the

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-9836-SVW-AJW | Date | February 25, 2015 |
|---|---|---|---|
| Title | Mark Hestrin v. Citimortgage, Inc., et al | | |

loan.").

Hestrin contends that notwithstanding the value of his mortgage, the complaint's damages waiver controls. This argument conflates damages and amount-in-controversy. Hestrin's waiver, by its own terms, applies only to *damages* — it does nothing to affect the value of the injunction he seeks. *E.g.*, *Holcombe v. Smithkline Beecham Corp.*, 272 F. Supp. 2d 792, 795, 798-99 (E.D. Wisc. 2003) (finding sufficient amount in controversy from requested injunctions even though the complaint disclaimed damages exceeding $75,000); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700-01 (9th Cir. 2007). Since the Court must consider the value of potential equitable relief, which itself exceeds the jurisdictional threshold, the complaint's limitation is immaterial.[2]

## II. The Legal Sufficiency of the Complaint

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. Fed. R. Civ. Proc. 12(b)(6). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Allegations in the complaint, together with reasonable inferences therefrom, are assumed to be true for purposes of the motion." *Odom v. Microsoft Corp*, 486 F.3d 541, 545 (9th Cir. 2007).

Hestrin asserted four causes of action under the California Homeowner's Bill of Rights. He alleges that CitiMortgage (1) violated Section 2923.55 of California's Civil Code by prematurely recording a notice of default, (2) committed a "dual-tracking" violation under California Civil Code Section 2923.6, (3) failed to provide single point of contact and foreclosure alternatives to Hestrin despite an obligation to do so under Section 2923.7 of California's Civil Code, and (4) breached California Civil Code Sections 2924.9 and 2924.10 by failing to acknowledge receipt of his loan modification application within five days of receipt. CitiMortgage moved to dismiss each claim.

For the reasons discussed below, the Court grants in part and denies in part CitiMortgage's motion. Specifically, the Court dismisses without prejudice Hestrin's causes of action under California

---

[2] Because the Court has subject matter and CitiMortgage's removal was meritorious, the Court denies Hestrin's motion for sanctions and fees.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-9836-SVW-AJW | Date | February 25, 2015 |
|---|---|---|---|
| Title | Mark Hestrin v. Citimortgage, Inc., et al | | |

Code of Civil Procedure Sections 2923.7 and 2924.9. In all other respects, the Court denies the motion.[3]

### A. California Civil Code § 2923.55

Section 2923.55 of California's Civil Code prevents mortgage servicers (among others) from recording a notice of default until the mortgage servicer sends certain information and documentation to the borrower. Cal. Civ. Code § 2923.55(a)(1). Hestrin alleged generally that CitiMortgage failed to provide him with these documents.

CitiMortgage first argues that it did not have a duty to provide Hestrin with any documents because he never submitted a completed loan modification application. *See* Cal. Civ. Code §§ 2923.55(a)(3) (requiring submission of a complete application before the mortgage servicer must precede a notice of default by sending the borrower certain documents), 2923.6(h) (defining complete application). Hestrin, however, alleged that he "submitted a complete loan modification application." The complaint says CitiMortgage later told Hestrin his application was incomplete, but that allegation only represents CitiMortgage's alleged position. Therefore, Hestrin sufficiently alleged that he submitted a completed application.

CitiMortgage then contends that Hestrin failed to allege a material breach as required by

---

[3] CitiMortgage requested that the Court take judicial notice of "[t]he absence of any publicly recorded foreclosure documents recorded by or at the request of [CitiMortgage], within the Los Angeles County Recorder's office, pertaining to the real property that is the subject of [this case]." The Court denies CitiMortgage's request. CitiMortgage provided no authority that a party's averment is sufficient to take judicial notice of the absence of a document. *See* Fed. R. Evid. 201.

The Court also denies Hestrin's request for judicial notice. Hestrin's complaint alleged that CitiMortgage recorded a notice of default against his home. That allegation must be taken as true, so there is no need to take judicial notice of the document. *See U.S. ex rel. Modglin v. DJO Global Inc.*, No. CV 12–07152, 2014 WL 4783575, at *10-11 (C.D. Cal. Sept. 2, 2014) (declining to take judicial notice of documents that were properly the subject of judicial notice because they were not relevant to resolution of the motion to dismiss).

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-9836-SVW-AJW | Date | February 25, 2015 |
|---|---|---|---|
| Title | Mark Hestrin v. Citimortgage, Inc., et al | | |

California Civil Code Section 2924.12(a). That argument fails too. Section 2923.55 imbues the mortgage servicer with a duty to provide certain documents before recording a notice of default. Hestrin alleged that CitiMortgage failed to do so. If true, that is a material breach of CitiMortgage's statutory duty. *See, e.g.*, *Cortez v. CitiMortgage, Inc.*, No. ED CV 14-01720-RGK, 2014 WL 7150050, at *4 (C.D. Cal. Dec. 11, 2014) (finding plaintiff stated a material violation by alleging that the defendant failed to comply with Section 2923.55(b)(2)'s notification requirements).[4] Moreover, CitiMortgage cites no authority for its contention that the alleged violation was immaterial because Hestrin failed to allege he would have avoided default absent a violation.

Relatedly, CitiMortgage contends that it is not liable because California's Homeowner's Bill of Rights shields mortgage servicers from liability "for any violation that [the servicer] *has* corrected and remedied prior to the recordation of a trustee's deed of sale." Cal. Civ. Code § 2924.12(a)(1) (emphasis added). There is no allegation that CitiMortgage *has* corrected or remedied its violation though, and the possibility for remediation does not render an ongoing breach moot. *See Diamos*, 2014 WL 3362259, at *5 (finding that a dual tracking violation was moot under Section 2924.12(c) only after the mortgage servicer rescinded the notice of default).[5]

### B. California Civil Code § 2923.7

Hestrin argues that his complaint shows CitiMortgage failed to appoint a single point of contact. *See* Cal. Civ. Code § 2923.7(a) ("Upon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact."). But the complaint alleged that CitiMortgage appointed Monica Lopez as Hestrin's point of contact. And there is no allegation that she lacked the authority or wherewithal to serve as a point of contact. *See* Cal. Civ. Code § 2923.7(b)-(e) (listing the prerequisites for a person to serve as a point of contact).

---

[4] Furthermore, materiality is often a question of fact inappropriate for resolution on a Rule 12 motion. *See Garcia v. PNC Mortgage*, No. C 14-3543 PJH, 2015 WL 534395, at *4 (N.D. Cal. Feb. 9, 2015) ("[M]ateriality raises issues of fact that cannot in the present case be determined on a Rule 12(b)(6) motion.").

[5] The Court's resolution of CitiMortgage's arguments in the context of Hestrin's Section 2923.55 claim applies with equal force to the extent CitiMortgage submitted the same arguments in relation to Hestrin's other causes of action. (This disposes of all CitiMortgage's arguments against Hestrin's dual-tracking claim.)

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-9836-SVW-AJW | Date | February 25, 2015 |
|---|---|---|---|
| Title | Mark Hestrin v. Citimortgage, Inc., et al | | |

Instead, Hestrin contends that CitiMortgage violated the statute by continually shifting the point of contact. *See* Cal. Civ. Code § 2923.7(c); *Rockridge Trust v. Wells Fargo, N.A.*, No. 13-cv-01457 JCS, 2013 WL 5428722, at *26 (N.D. Cal. Sept. 25, 2013) (noting that Section 2923.7 "prevent[s] borrowers from being given the run around."); *Cortez*, 2014 WL 7150050, at *5 ("[S]he alleges that the SPOCs themselves changed. This is prohibited by the statute."). The complaint does not substantiate his argument though. At first, CitiMortgage changed the point of contact. (It did so at least once and perhaps twice — the complaint is unclear.) Within a week of receiving Hestrin's application, however, CitiMortgage appointed Monica Lopez as Hestrin's point of contact. There is no indication that CitiMortgage has evaded Hestrin since. And there is no allegation that Ms. Lopez failed to perform her duties as the single point of contact.[6] Therefore, Hestrin failed to state a single point of contact claim. *See Lane v. Suntrust Mortg., Inc.*, No. 14-CV-01367-BAS, 2015 WL 419834, at *4 (S.D. Cal. Jan. 28, 2015) (dismissing a single point of contact claim where plaintiff did not allege that the single point of contact failed to consider him for available foreclosure prevention alternatives); *Andre v. Bank of Am., N.A.*, No. 5:14-CV-02888-PSG, 2014 WL 6895240, at *5 (N.D. Cal. Dec. 5, 2014) (dismissing a single point of contact claim because the plaintiff did not allege that the contact lacked access to his information or an ability to assist him with his concerns).

    **C.**    **California Civil Code §§ 2924.9, 2924.10**

Last, Hestrin alleged that CitiMortgage violated Sections 2924.9 and 2924.10 of California's Civil Code. Section 2924.9 requires a mortgage servicer to send certain written communications within five business days of recording a notice of default. Cal. Civ. Code § 2924.9. The complaint makes no allegations that CitiMortgage failed to send required documents after it recorded a notice of default. Therefore, Hestrin's claim under Section 2924.9 fails.

Section 2924.10 requires "written acknowledgment of the receipt of the documentation within

---

[6] Hestrin's nebulous allegation that he "contacted CitiMortgage several times and was given many unjustified delays and inconsistent and vague status updates on [his] file" is insufficient. It fails to specify the who, what, or when. Consequently, it is impossible to determine whether these delays and updates stemmed from Ms. Lopez or even communications post-dating the appointment of a point of contact. And even assuming those facts, Hestrin failed to describe the conversations, so it is unclear whether those communications violated the point-of-contact's duties.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-9836-SVW-AJW | Date | February 25, 2015 |
|---|---|---|---|
| Title | Mark Hestrin v. Citimortgage, Inc., et al | | |

five business days of receipt . . . [of] a complete first lien modification application or any document in connection with a first lien modification application." Cal. Civ. Code § 2924.10. Hestrin alleges that he submitted his application on July 5, 2014. He then alleges that he received an acknowledgment from CitiMortgage twenty-five days later. Although the complaint only identifies when Hestrin sent his application — not when CitiMortgage received the application — one could infer reasonably that CitiMortgage received the application more than five business days before it acknowledged receipt. Therefore, Hestrin stated a valid claim under Section 2924.10.

### III.   Motion to Strike

A court may strike "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). As one court summarized:

> Redundant matter consists of allegations that constitute a needless repetition of other averments in the pleading. Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. Scandalous matter is that which improperly casts a derogatory light on someone, most typically on a party to the action.

*Moreno v. USG Corp.*, No. CIV 06-CV-2196BPCL, 2007 WL 951301, at *1 (S.D. Cal. Mar. 19, 2007) (internal citations and quotation marks omitted). CitiMortgage seeks to strike certain requests for relief and statements of causation. Such allegations, however, are not redundant, immaterial, impertinent, or scandalous. Rather, CitiMortgage argues that there is an insufficient legal basis to support the allegations; those arguments, however, are properly raised in a motion to dismiss. *See, e.g.*, *Nelson v. Cnty. of Sacramento*, No. 2:12-CV-02040-MCE, 2013 WL 3242266, at *1 (E.D. Cal. June 20, 2013). In fact, CitiMortgage raised many of those arguments in its motion to dismiss, and the Court addressed them above. Therefore, the Court declines to strike the cited portions of the complaint.

### Conclusion

For the foregoing reasons, the Court:
1. VACATES the hearing set for Monday, March 2, 2015.
2. DENIES Plaintiff's motion to remand the case to state court.
3. DENIES Plaintiff's request for fees and sanctions.
4. GRANTS IN PART AND DENIES IN PART Defendant's motion to dismiss. Specifically, the Court DISMISSES without prejudice Plaintiff's claims arising under California Code of Civil Procedure Sections 2923.7 and 2924.9; the Court DENIES

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-9836-SVW-AJW | Date | February 25, 2015 |
|---|---|---|---|
| Title | Mark Hestrin v. Citimortgage, Inc., et al | | |

   Defendant's motion in all other respects.
5. DENIES Defendant's motion to strike portions of the complaint.

_____ : _____

Initials of Preparer         PMC